UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| MARJAM SUPPLY COMPANY, INC.<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| EVERETT RIKEMAN a/k/a RICK RIKEMAN<br>Defendant | )<br>)<br>) **05 10570 RWZ**<br>) |

PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff Marjam Supply Company, Inc. ("Marjam") moves for a preliminary injunction against Defendant Everett Rikeman a/k/a Rick Rickeman that will enjoin and restrain the Defendant from competing with Marjam by ordering the Defendant until February 8, 2006 to refrain from (a) contacting customers with whom he worked as a Marjam employee and (b) utilizing confidential information obtained as a Marjam employee and ordering Defendant to return any and all documents taken from Marjam.

In support thereof, Marjam states as follows:

1.  Marjam sells a wide variety of lumber, plywood and building materials including highly specialized products to residential and commercial customers.

2.  Marjam and Rikeman's current employer, Kamco Supply Corp. of Boston ("Kamco") are direct competitors.

3.  During Rikeman's more than four years as an Inside Sales Representative at Marjam he was able to generate personal goodwill with Marjam's existing customers and was privy to pricing confidential information regarding Marjam's vendors.

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

4.  Rikeman signed an Employment Agreement with Marjam that included a one-year noncompetiton provision. The Agreement provided:

> The Employee shall not, for a period of one (1) year following termination of employment, for any reason, directly or indirectly, represent or attempt to represent any customer of Employer within a 45 mile radius of the marketing and sales area(s) Employee sold, operated and/or otherwise conducted business for Employer throughout the term of the employment hereunder ("Restricted Area"). Employee further agrees that he shall not compete with the activities of Employer either directly or indirectly as a principal, partner, agent, or Employee of any entity operating a business similar to that which is being conducted by Employer, for a period of one (1) year following his/her termination of employment, for any reason, within the Restricted Area.

5.  Rikeman voluntarily resigned from Marjam as of February 8, 2005.

6.  Marjam has demonstrated both a probability of success on the merits and irreparable harm if the injunction is not granted. The noncompetition provision is enforceable to protect Marjam's customer goodwill and confidential pricing information.

7.  In the absence of injunctive relief, Marjam will suffer irreparable harm because it will lose the benefit of its confidential information and its customer relationships will be irreparably harmed.

8.  Rikeman will not suffer any irreparable harm if the injunction is allowed. Rikeman voluntarily executed the Employment Agreement, voluntarily resigned from Marjam and joined a Marjam competitor. Rikeman will still be free to work for his current employer in other capacities.

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

9. Rikeman knew or should have known, that Marjam would seek enforcement of its Agreement in order to protect its customer goodwill and confidential information.

10. The public interest will be served by enforcement of the Employment Agreement's noncompetition provisions. Due to the highly competitive nature of Marjam's industry Marjam must protect its goodwill and confidential information in order to remain competitive.

11. Therefore based on the Verified Complaint and Memorandum of Law submitted herewith, Plaintiff respectfully moves that this Court enter the requested preliminary injunction, attached hereto as <u>Exhibit A.</u>

Marjam Supply Company, Inc.

By its Attorneys,

Charles F. Houghton, Esq.
271 Main Street, #202
Stoneham, MA 02180
Phone: (781) 438-7444
Facsimile: (781) 438-2078
BBO #: 241060

Robin Stein, Esq.
271 Main Street, #202
Stoneham, MA 02180
Phone: (781) 438-7444
Facsimile: (781) 438-2078
BBO #: 654829

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

3

Certificate of Service

    I hereby certify that the above document is being serve upon the defendant by hand with the original verified complaint in this matter.

March 24 2005.

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| MARJAM SUPPLY COMPANY, INC. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) EXHIBIT A |
| | ) |
| EVERETT RIKEMAN a/k/a RICK RIKEMAN | ) |
| Defendant | ) |

PRELIMINARY INJUNCTION

After hearing, the Court hereby ENJOINS and RESTRAINS Defendant EVERETT RIKEMAN a/k/a RICK RIKEMAN from competing with Marjam by refraining until February 8, 2006 from (a) contacting customers with whom he conducted business as a Marjam employee, (b) utilizing confidential information obtained as a Marjam employee and (c) ordering Defendant to return all documents and materials taken from Marjam.

Dated _____

_____
(_____, J.)

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078