UNITED STATES DISTRICT COURT'S OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| MARJAM SUPPLY COMPANY, INC. ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EVERETT RIKEMAN a/k/a RICK ) | |
| RIKEMAN, ) | |
| Defendant | 05 10570 RWZ |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

I.  **Nature of the Case**

Plaintiff seeks injunctive relief and damages against a former employee arising from said employee's violation of an Employment Agreement that restricts the Defendant from competing with the Plaintiff for a period of one-year following the Defendant's separation from the Plaintiff. In the instant motion Plaintiff seeks a preliminary injunction to prevent the immediate and irreparable harm that will result from Defendant's reliance on customer goodwill and confidential vendor information to divert business from the Plaintiff.

II. **Facts**

The Plaintiff, Marjam Supply Company, Inc, is a Corporation organized under the laws of the State of New York ("Marjam"). The Defendant Everett Rikeman a/k/a Rick Rikeman is an individual who resides at 31 Pine Street, Stoneham, Massachusetts ("Rikeman"). Rikeman was an employee of the Plaintiff's from September 21, 2001 until his voluntary resignation sent electronically to Marjam's president on February 6, 2005 and effective February 8, 2005.

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

In consideration of his employment with Marjam, on September 21, 2001, Rikeman executed an Employment Agreement ("Employment Agreement") that contains the following language:

> The Employee shall not, for a period of one (1) year following termination of employment, for any reason, directly or indirectly, represent or attempt to represent any customer of Employer within a 45 mile radius of the marketing and sales area(s) Employee sold, operated and/or otherwise conducted business for Employer throughout the term of the employment hereunder ("Restricted Area"). Employee further agrees that he shall not compete with the activities of Employer either directly or indirectly as a principal, partner, agent, or Employee of any entity operating a business similar to that which is being conducted by Employer, for a period of one (1) year following his/her termination of employment, for any reason, within the Restricted Area. A copy of said agreement is attached to the Verified Complaint in this matter as Exhibit A.

Marjam employed Rikeman as an inside sales representative who worked primarily with customers in and around the areas of Stoneham, Massachusetts; Manchester, New Hampshire and Portland, Maine. Marjam has facilities in Stoneham, Massachusetts and Manchester, New Hampshire and also conducts business in Maine. Although Rikeman's resignation indicated that his last day was February 8, 2005, Rikeman failed to return to Marjam after delivering his notice.

During the course of his employment with Marjam, Rikeman developed relationships with Marjam customers and was privy to confidential information regarding pricing Marjam has negotiated with its vendors. Shortly before leaving Marjam Rikeman took supplies from a Marjam customer under the guise of borrowing them. Marjam was not aware of that Rikeman "borrowed" said supplies until the customer sought remuneration from Marjam for them.

Upon information and belief, following his resignation from Marjam, Rikeman immediately began working for the Kamco Supply Corp. of Boston, a direct Marjam Competitor ("Kamco"). Rikeman continues to compete with Marjam by relying on his relationships with Marjam's customers and confidential vendor pricing information to the benefit Kamco.

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

On March 7, 2005 Marjam, through counsel, sent the letter attached to the Verified Complaint in this matter as <u>Exhibit C</u> reminding Rikeman about his responsibility to honor the Employment Agreement. Rikeman has not responded to said letter.

### III. Preliminary Judgment Standard

This Court should grant Marjam's motion for a preliminary injunction because, as is detailed herein, Marjam successfully demonstrates:

    i.    a likelihood of success on the merits;
    ii.    irreparable injury to Marjam if the injunction is not granted;
    iii.    that the injury to Marjam outweighs any harm which granting injunctive relief would inflict on Rikeman; and
    iv.    that the public interest will not be adversely affected by the granting of the injunction. <u>Camel Hair and Cashmere Institute of America v. Associated Dry Goods Corp.</u>, 799 F.2d 6, 12-16 (1st Cir. 1986)(citation omitted).

Marjam is likely to succeed in the merits of this case because non-competition agreements are enforceable in Massachusetts to the extent that they are reasonable and necessary to protect the employer's legitimate interests. <u>Packaging Industries Group v. Cheney</u>, 380 Mass 609, 405 N.E.2d 106 (1980). "Confidential data and employer goodwill are all legitimate business interest of the employer that it may seek to protect by restrictive covenant." <u>New England Canteen Serv., Inc. v. Ashley</u>, 372 Mass. 671, 674, 363 N.E.2d. 526 (1977).

Marjam's Employment Agreement with Rikeman was supported by consideration and is limited in time and scope as to not restrict ordinary competition. <u>Ikon Office Solutions, Inc. v. Arthur Belanger</u>, 59 F. Supp. 2d 125, 1999 U.S. Dist. Lexis 10963 (D. Mass 1999). Moreover, the Employment Agreement is in harmony with public policy.

Marjam is not asking that Rikeman be prevented from competing with Marjam in any and all capacities for an unreasonable length of time. Marjam is merely asking this Court to protect its legitimate business interests by enforcing the Employment Agreement to the extent it prevents

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

Rikeman from contacting customers with whom Rikeman specifically conducted business while a Marjam employee and from utilizing confidential vendor pricing information learned as a Marjam employee until February 8, 2006.

Marjam will suffer irreparable injury should this court fail to grant the preliminary injunction because Rikeman will be free to continue relying on Marjam's customer goodwill and confidential information to divert business from Marjam to Kamco. Moreover the threat to Marjam outweighs any potential harm to Rikeman who will be free to continue working for Kamco in other capacities, in other geographic areas and when dealing with non-Marjam customers.

### IV. Conclusion

Where Majam has demonstrated likely success on the merits without causing harm to the Defendant this Honorable Court should protect Marjam's legitimate business interests by granting Marjam's emergency motion for a preliminary injunction.

Marjam Supply Company, Inc.

By its Attorneys

Charles F. Houghton, Esq.
271 Main Street, #202
Stoneham, MA 02180
Phone: (781) 438-7444
Facsimile: (781) 438-2078
BBO #: 241060

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

*[signature]*

Robin Stein, Esq.
271 Main Street, #202
Stoneham, MA 02180
Phone: (781) 438-7444
Facsimile: (781) 438-2078
BBO #: 654829

Certificate of Service

I hereby certify that I have caused the instant memorandum of law to served upon the defendant in this matter by hand.

March 24, 2005

*[signature]*

Charles F. Houghton

CHARLES F. HOUGHTON

ATTORNEY AT LAW
271 MAIN STREET
SUITE 202
STONEHAM, MA
02180-3580

TEL: 781-438-7444
FAX: 781-438-2078

5