UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 APR 13 P 3: 05

DISTRICT COURT
DISTRICT OF MASS

|   |   |
|---|---|
| MARJAM SUPPLY COMPANY, INC.,<br>   Plaintiff<br><br>v.<br><br>EVERETT RIKEMAN,<br>   Defendant | Civil Action No. 05 10570 RWZ |

ANSWER AND JURY CLAIM OF DEFENDANT EVERETT RIKEMAN

The Defendant, Everett Rikeman ("Defendant") hereby Answers the Plaintiff's Verified Complaint ("Complaint") as follows:

1. Defendant admits that the Plaintiff seeks injunctive relief and damages against a former employee, and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies residing at 31 Pine Street, Stoneham, Massachusetts, and admits the remaining allegations contained in Paragraph 3 of the Complaint.

4. Denied.

5. Defendant denies that Marjam sells "highly specialized" products, and admits the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Denied.

8. Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant denies that he "immediately" began working for Kamco, and admits the remaining allegations contained in Paragraph 18 of the Complaint.

19. Denied.

20. Defendant is without knowledge sufficient to admit or deny when Marjam may have sent the letter, a copy of which is attached as Exhibit C to the Complaint. As for the further allegations contained in Paragraph 20 of the Complaint, the document attached as Exhibit C speaks for itself, and Defendant denies that he is obliged to not compete with Marjam and further denies taking any documents from Marjam.

21. Denied.

22. Denied.

23. Defendant repeats and realleges his responses to Paragraphs 1-22 of the Complaint as if fully restated herein.

24. Denied.

25. Denied.

26. Denied.

And for such other and further answers and/or defenses, Defendant states:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by failure of consideration.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by laches and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by its breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

**WHEREFORE,** the defendant, Everett Rikeman, prays that the Complaint be dismissed, that he be awarded his expenses, including costs and reasonable attorneys' fees, and that the court order such other and further relief as may be appropriate.

JURY DEMAND

The Defendant demands a trial by jury on all issues herein.

                        EVERETT RIKEMAN,
                        By his attorneys,

                        Robert W. Hurwitz, BBO #245810
                        Eugene R. Richard, BBO # 546781
                        Wayne, Richard & Hurwitz LLP
                        One Boston Place, Suite 3620
                        Boston, MA  02108
Dated: April 12, 2005           (617) 720-7870

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail (by hand) on 4/10/05